IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donna Joan Hess, :
        Plaintiff : Civil Action 2:09-cv-00124

v. : Judge Holschuh

Michael J. Astrue, : Magistrate Judge Abel
Commissioner of Social Security,
        Defendant :

**ORDER**

      This matter is before the Court on plaintiff Donna Joan Hess's December 2, 2009 objections to Magistrate Judge Abel's November 18, 2009 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Hess is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

      Hess was 44 years old at the time of the administrative law judge's decision. She alleges that she is disabled due to complications from obesity, pain in her knees, lumbar spine, cervical spine, fatigue, and cardiac function limitations. Hess has worked as a bank secretary, switchboard operator, and proof accounting clerk. She has a General Equivalency Diploma and has received vocational training through the Ohio Bureau of Vocational Rehabilitation.

The administrative law judge found that Hess has the residual functional capacity to perform sedentary work that involves no lifting and/or carrying of greater than five pounds frequently or ten pounds occasionally; no sitting for longer than two hours at a time; no standing and/or walking for longer than 30 minutes at a time or two hours total in a workday; no more than occasional bending, stooping, ladder climbing, or reaching overhead; and no working at unprotected heights or around dangerous machinery. She is able to cope with routine stress, but she must avoid high stress work environments. Based on these findings, the administrative law judge determined that Hess could perform her past relevant work.

Plaintiff argues that the administrative law judge did not properly evaluate the impact of her obesity in combination with her other impairments as required by Social Security Ruling 02-1p. Plaintiff asks that this case be remanded to the Commissioner for an administrative law judge to consider the effect of her obesity on her abdominal hernia, diabetes, and fatigue.

The Magistrate Judge analyzed this argument as follows:

> <u>Obesity</u>. Hess argues that the administrative law judge's decision does not contain a discussion of her obesity and how it would affect her residual functional capacity and her ability to function in a work environment.
> Social Security Ruling 02-01p, 2000 WL 628049 (September. 12, 2002), explains the Administration's policy and protocol on the evaluation of obesity. "Obesity is a complex, chronic disease characterized by excessive accumulation of body fat." SOCIAL SECURITY RULING 02-01p. The Ruling recognizes Body Mass Index (BMI) as one of the indicia of an individual's degree of obesity. *Id*. BMIs of 30.0-34.9 (Level I), 35.0-39.9 (Level II), and 35.0-39.9 (Level III) represent the classification of the degree

2

of obesity. *Id*. Under this system of classification, Level III also includes BMIs above 40, and it is considered extreme obesity because of the potential for developing obesity-related problems. *Id*. Obesity increases the risk of developing impairments such as osteoarthritis and sleep apnea, and may contribute to mental impairments such as depression. *Id*.

SOCIAL SECURITY RULING 02-01p provides that at step two of the five step evaluation, obesity may be considered severe alone or in combination with another medically determinable impairment. It further provides that the Administration will do "an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe." SOCIAL SECURITY RULING 02-01p[6]. SOCIAL SECURITY RULING 02-01p also explains that a claimant's obesity must be considered not only at step two of the Commissioner's five step evaluation process, but also at the subsequent steps. The Ruling provides that:

> The effects of obesity may not be obvious. For example, some people with obesity also have sleep apnea. . . . An assessment should also be made of the effect of obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. . . . [O]ur RESIDUAL FUNCTIONAL CAPACITY assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular continuing basis . . . . In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea.
>
> The combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from arthritis alone.

SOCIAL SECURITY RULING 02-01p. *See also* 20 C.F.R. §404.1523 (explaining that if the Administration finds "a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.") In sum, SOCIAL SECURITY RULING 02-01p "specifies that the ADMINISTRATIVE LAW JUDGE must explain how conclusions regarding a claimant's obesity were reached." *Fleming v. Barnhart*, 284 F. Supp.2d 256, 271 (D. Motion to dismiss. 2003). SOCIAL SECURITY

RULING 02-01p is binding on all components of the Administration. *See* 20 C.F.R. §402.35(b)(1); *Blea v. Barnhart*, 466 F.3d 903, 911 (10th Cir. 2006).

An adjudicator must consider the impact of a claimant's obesity on her residual functional capacity. At step five of the five step of the sequential analysis, the burden shifts to the Administration to show that there are other jobs in significant numbers in the economy that the claimant can perform consistent with her residual functional capacity, age, education, and work experience. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548(6th Cir. 2004); 20 C.F.R. §404.1520 (a)(4)(v). When the claimant is obese, the administrative law judge must consider this in his assessment. SSR 02-01p; *Young v. Barnhart*, 282 F. Supp. 2d 890, 897-898 (N.D. Ill. 2003).

The administrative law judge concluded that Hess's obesity was a severe impairment. (R. 28.) He noted, however, that her obesity had not resulted in end-organ damage or severe cardiac or respiratory-related impairments. (R. 29.) The administrative law judge concluded that "[h]er obesity, in combination with her bilateral knee condition, effectively limits her to sedentary work, but she retains the ability to effectively ambulate." *Id.* When formulating her residual functional capacity, the administrative law judge indicated that "[a] combination of the claimant's impairments, particularly her obesity and bilateral knee impairments, would reasonably limit her to sedentary work with limitations to standing, walking, and postural activities." (R. 31.) The administrative law judge determined that this residual functional capacity was consistent with the assessment of Dr. Barber, who opined that Hess would be limited with respect to prolonged walking, standing, and sitting, and lifting and carrying heavy objects because of her morbid obesity and decreased range of motion in her extremities and back. The administrative law judge noted that reviewing physicians opined that plaintiff was capable of light work, but he believed that sedentary work was more consistent with her abilities based on the combined effects of her impairments, which included her obesity. (R. 31-32.)

Here, the administrative law judge adequately considered Hess's obesity in combination with her other impairments. In fact, the administrative law judge found greater limitations, as a result of her obesity, than found by the reviewing physicians. The administrative law judge acknowledged that her obesity would impact the osteoarthritis in her knees and her ability to walk. Consequently, there is substantial evidence supporting the administrative law judge's findings and evaluation with respect to Hess's obesity.

November 18, 2009 Report and Recommendation, Doc. 16, at pp. 17-20.

Plaintiff argues that the administrative law judge failed to consider the impact that obesity had on Hess's fatigue due to medication side effects and sleep disturbance. Plaintiff relies on Social Security Ruling 02-1p's statements that "individuals with obesity may have problems with the ability to function" and that "[i]n cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity."

Dr. Bennington diagnosed fatigue and malaise. (R. 445.) Plaintiff Hess testified that she only sleeps about six hours at night. (R. 872.) She is unable to roll over, so if she experiences cramping she has to sit up on the bed to change positions or walk to other side of the bed to get herself into a different position. *Id.* She takes some of her medications at night, and she is not sure if those medications contribute to her problems sleeping and nightmares. (R. 875.) She testified that she gets tired and fatigued easily and on a daily basis. *Id.* She also testified that she typically takes a 30-45 minute nap while her children are at school. (R. 890.) On the other hand, Dr. Barber noted that plaintiff was not experiencing any fatigue. (R. 245.)

The administrative law judge did not specifically address plaintiff's complaints of poor sleep and fatigue. He did expressly find that Hess's "subjective complaints are disproportionate with and not supported by the objective and substantial evidence in the record." (R. 32.) In making his residual functional capacity determination, the

administrative law judge found that Hess's daily activities were inconsistent with her testimony about subjective limitations on her ability to function:

> In December 2004, the claimant reported that she gets her children ready for school and takes them to school (Exhibit 38F). She said that she cleans her house but has to rest between chores. She said that she reads the Bible, prepares lunch, picks her children up from school, helps them with homework, prepares dinner, bathes her children and reads to them. She said that on the weekend she cleans, plays with her children, and cooks.
>
> At the hearing, the claimant testified that she lives with three of her four dependent-age children and takes and picks them up from school. She said that she is able to drive for one and one-half hour at a time. She said that she participated in vocational rehabilitation, working part-time for a two-week period. She said that she is computer literate. She said that she reads the Bible, cooks about nine times weekly, washes dishes daily, vacuums every other day, cleans six loads of laundry weekly, helps her children with homework, watches television, attends church, and crochets. She acknowledged that she can satisfactorily follow simple work rules, relate to coworkers, deal with the public, use judgment, interact with supervisors, function independently, maintain attention/concentration most of the time, maintain her personal appearance, and demonstrate reliability. She said that she has difficulty dealing with routine stress because of nerves, stress, and incontinence. Her level of activity is not consistent with the level and persistence of symptoms that she alleges.
>
> The record does not document significant, persistent side effects from medications, which have helped control or reduce her symptoms.

(R. 32.)

Thus, the administrative law judge did consider plaintiff's ability to sustain function over time, which implicitly includes consideration of how fatigue affected plaintiff's physical and mental ability to sustain work activity. Given Hess's description of her daily activities, the administrative law judge concluded that her allegations

concerning her symptoms was not credible. Hess denied significant symptoms resulting from a mental impairment. She retained the concentration and attention levels necessary to read the Bible, assist her children with homework, and crochet. With respect to her physical impairment, he limited her to sedentary work with restrictions of no standing and/or walking for longer than 30 minutes for no more than two hours a day.

Ultimately, the administrative law judge is the finder of fact. The administrative law judge's decision clearly demonstrates that he took into consideration Hess's obesity in determining her residual functional capacity. For the reasons articulated by the Magistrate Judge, there is substantial evidence supporting the Commissioner's decision denying benefits.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

Date: March 29, 2010                    **/s/ John D. Holschuh**
                                        John D. Holschuh
                                        United States District Judge